# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MARIE BARR, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. ) | Case No. CV416-164<br>CR410-164 |

## REPORT AND RECOMMENDATION

Over two years ago this Court denied Marie Barr's first 28 U.S.C. § 2255 motion as untimely.[1] CR410-164, doc. 58, *adopted*, doc. 31. In this, her second § 2255 motion, doc. 88, she seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and triggering a wave of successive § 2255 filings. *See In re Fleur*, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), *In re*

---

[1] That constituted a ruling on the merits. *See Robinson v. Cooks*, 2016 WL 3450837 at * 4 (M.D. Ala. May 18, 2016) ("Although the court dismissed the petition on statute of limitations grounds, such dismissal constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely)."), *adopted*, 2016 WL 3410185.

*Hines*, ___ F.3d ___, 2016 WL 3189822 (11th Cir. June 8, 2016), and *In re Ricardo Pinder, Jr.*, ___ F.3d ___, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016).

Some of those successive-writ movants have succeeded in knocking on the appellate court's door. *See, e.g., In re Hubbard*, ___ F.3d ___, 2016 WL 3181417 at * 7 (11th Cir. June 8, 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

Barr, too, must knock on the Eleventh Circuit's door, *see In re Williams*, ___ F.3d ___, 2016 WL 3460899 (11th Cir. June 24, 2016); *In re Colon*, No., ___ F.3d ___, 2016 WL 3461009 (11th Cir. June 24, 2016); *In re Robinson*, ___ F.3d ___, 2016 WL 1583616 (11th Cir. Apr. 19, 2016), since this is her second § 2555 motion. *See* doc. 49 at 4; doc. 53 at 4-6.

Given the time constraints illuminated by the *Robinson* concurrence, 2016 WL 1583616 at * 2 ("As best I can tell, all the

prisoners we turned away may only have until June 26, 2016, to refile applications based on *Johnson*."), the Clerk should be **DIRECTED** to simply transfer Barr's June 23, 2016 signature-filed § 2255 motion (doc. 88 at 14) directly to that court for *nunc pro tunc* filing.[2] Upon such transfer, the Probation Office shall file any Presentence Investigation Report under seal.

**SO REPORTED AND RECOMMENDED,** this  29th   day of June, 2016.

                          UNITED STATES MAGISTRATE JUDGE
                          SOUTHERN DISTRICT OF GEORGIA

---

[2]  Statutory authority exists for this:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631, quoted in *Wainwright v. United States*, 2016 WL 3452551 at * 2 n. 3 (S.D. Fla., June 24, 2016); *see also id.* at * 2 n. 2 ("In accordance with 28 U.S.C. § 1631, the Clerk shall TRANSFER this action to the United States Court of Appeals for the Eleventh Circuit. This Court respectfully requests that the Eleventh Circuit treat Movant's motion as an application for leave to file a second or successive § 2255 motion.").